[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: RE: MOTION TO STRIKE #113
A motion to strike is the vehicle to "challenge the legal sufficiency of pleadings." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). In determining whether the motion should be granted, the question is whether, if the facts alleged are taken to be true, the allegations state a cause of action or a defense. King v. Board of Education, 195 Conn. 90, 93,486 A.2d 1111 (1985).
The Connecticut Unfair Trade Practices Act (CUTPA) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce." General Statutes 42-110b.
In support of the motion to strike the defendants Minervino and the Communications Management Systems Corporation (CMSC) argue that the plaintiff fails to allege that the defendants committed wrongful acts with such frequency as to indicate a general business practice. Therefore, the defendants contend that the plaintiff fails to allege a cause of action under CUTPA. The plaintiff argues that the allegations of the complaint satisfy the requirements of Section 42-110b as the complaint contains allegations that both defendants engaged in no less than two unfair practices.
Construing the allegations of the complaint in a manner most favorable to the plaintiff; Mozzochi v. Beck, 204 Conn. 490,491, 529 A.2d 171 (1987); the plaintiff alleges that CT Page 705 defendants Minervino and CMSC were engaged in trade or commerce and that both defendants committed more than one unfair act. The plaintiff satisfies the requirements of Section 42-110b. Therefore, the motion to strike is denied.
BALLEN, J.